# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FALCONCREST AVIATION, L.L.C., a Nevada limited liability corporation and CRESTON AVIATION, INC., ) ) ) ) | |
| Plaintiff(s), ) ) | Case No. 03-CV-577-TCK-SAJ |
| vs. ) ) | |
| BIZJET INTERNATIONAL SALES AND SUPPORT, INC., an Oklahoma corporation, HIGGINS INTERIORS, INC., an Oklahoma corporation and WALKER WEATHERS, d/b/a WEATHERS AVIATION, INC., an individual, ) ) ) ) ) ) | |
| Defendant(s). ) | |

## ORDER

Non-party AIG Aviation Inc. and Robert McNabb have filed a motion for a protective order with regard to the notice of deposition and subpoena duces tecum issued to Robert McNabb. The Court has considered the arguments of the parties, reviewed the documents *in camera*, and considered the briefs of the parties. The Court **grants in part and denies in part** AIG Aviation Inc.'s and Robert McNabb's motion for a protective order.

**I.     BACKGROUND**

The underlying dispute is between Falconcrest and Bizjet. Falconcrest sued Bizjet and others for damages sustained in an accident. AIG Aviation Inc. manages claims for the insurance carrier Bizjet. McNabb is employed by AIG Aviation. The notice and subpoena request testimony and, generally, any documents in McNabb's possession which relate to this pending lawsuit.

Plaintiffs previously requested the investigative file of AIG Aviation's investigator, Patrick Montgomery. Mr. Montgomery reports to Robert McNabb. In opposing Plaintiff's request, Bizjet asserted that Mr. Montgomery's reports should not be produced to Plaintiffs. Plaintiffs noted that Bizjet had already produced a portion of the reports to Plaintiffs, that the documents were not protected by the work product privilege, and that Bizjet had waived the privilege. The Court ordered Bizjet to produce the documents finding that Bizjet had waived all privileges due to Bizjet's failure to produce a privilege log and because of Bizjet's reliance on Mr. Montgomery's reports and partial disclosure of the reports.

AIG Aviation maintains that the documents requested by Bizjet from Mr. McNabb were prepared in anticipation of litigation and are therefore protected by the work product privilege, and in some cases by the attorney client privilege. Prior to the hearing on this issue, the parties reached an agreement with respect to all but 23 documents. The Court has reviewed the documents that were submitted by AIG Aviation *in camera* and concludes that some of the documents should be produced to Bizjet. The Court grants the motion to quash with respect to the remaining documents.

## II.     ATTORNEY CLIENT AND WORK PRODUCT

AIG Aviation urges the application of both the attorney client privilege and work product doctrine. Federal Rule of Evidence 501 provides that the privilege of a witness, person, government, or state will be determined in accordance with state law in civil actions where state law supplies the rule of decision with respect to an element of a claim or defense. Consequently, Oklahoma law determines the application of the attorney-client privilege. Oklahoma has codified the attorney-client privilege. 12 O.S. 2001, § 2502.

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential[1] communications made for the purpose of facilitating the rendition of professional legal services to the client:
>
> 1. Between himself or his representative[2] and his attorney[3] or his attorney's representative;[4]
>
> 2. Between his attorney and the attorney's representative;
>
> 3. By him or his representative or his attorney or a representative of the attorney to an attorney or a representative of an attorney representing another party in a pending action and concerning a matter of common interest therein;
>
> 4. Between representatives of the client or between the client and a representative of the client; or
>
> 5. Among attorneys and their representatives representing the same client.

12 O.S. 1991, § 2502(B).  In general, the attorney-client privilege protects (1) communications, (2) made between privileged persons, (3) in confidence, (4) for the purpose of seeking, obtaining, or providing legal assistance for the client.  The attorney-client privilege does not protect the underlying facts in the litigation.

The work product doctrine is a procedural immunity and therefore governed by the Federal Rules of Civil Procedure.  *See United Coal Companies v. Powell Construction Co.*,

---

[1] "Confidential" is defined as "not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication."  12 O.S. 1991, § 2502(A)(5).

[2] "Representative of the client" is defined as "one having authority to obtain professional legal services, or to act on advice rendered pursuant thereto, on behalf of the client."  12 O.S. 1991, § 2502(A)(4).

[3] "Attorney" is defined as "a person authorized, or reasonably believed by the client to be authorized, to engage in the practice of law in any state or nation."  12 O.S. 1991, § 2502(A)(1).

[4] "Representative of an attorney" is defined as "one employed by the attorney to assist the attorney in the rendition of professional legal services."  12 O.S. 1991, § 2502(A)(3).

839 F.2d 958 (3rd Cir. 1987); *In re A.H. Robins Co., Inc.*, 107 F.R.D. 2 (D. Kan. 1985).[5/] The work-product doctrine protects from discovery (1) documents and tangible things otherwise discoverable, (2) prepared in anticipation of litigation or for trial, (3) by or for another party or by or for that party's representative.  Unlike the attorney-client privilege, the work product doctrine provides only qualified immunity.  Upon a showing of (1) substantial need, and (2) an inability to obtain equivalent information, a court may order production of the materials.  Fed. R. Civ. P. 26(b)(3).

In this case, with respect to many of the documents, and AIG Aviation's claim of work product protection, AIG Aviation has not established that the documents were prepared in anticipation of litigation.  An insurance company has a duty to investigate and evaluate a claim to determine whether the claim is covered by its policy with the insured. *See Buzzard v. Farmers Ins. Co.*, 824 P.2d 1105, 1109 (Okla. 1992).  Thus, a routine investigation into a possibly resistible claim is within the ordinary course of business for an insurance company. *Fine v. Bellefonte Underwriters Ins. Co.*, 91 F.R.D. 420, 422 (S.D.N.Y. 1981). *See also Hall v. Goodwin*, 775 P.2 291 (Okla. 1989) (insurance company required to produce a statement taken by the insurance company's attorney during an investigation of a claim prior to the claim's denial.).

AIG Aviation notes, with respect to many of the documents, that AIG was in "settlement negotiations" with respect to the underlying claims.  However, one business purpose of the insurance company is to settle the claim and therefore the existence of settlement negotiations does not lead to an automatic conclusion that the parties acted in

---

[5/] The Oklahoma work-product law and federal law are substantially the same. <u>See</u> 12 O.S. 2001, § 3226(b)(2).

anticipation of litigation. AIG Aviation has the burden to establish the applicability of the privilege. *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984). Courts have found both a temporal and motivational view of the required "in anticipation of litigation." That is, the document must be prepared for the litigation and not for another purpose, and the litigation must be imminent or impending. *In re September 1975 Grand Jury Term*, 532 F.2d 734 (10th Cir. 1976) ("The work-product privilege extends to the production of material assembled by an attorney in preparation for impending litigation.").

With regard to many of the documents, AIG Aviation has been unable to establish that the work product doctrine applies because AIG Aviation cannot show that it anticipated litigation at the time the document was created. Furthermore, emails dated February 27, 2003 by AIG Aviation indicate that, at that date, AIG Aviation was preparing for "negotiations or litigation if necessary." Such a description in the emails equates with the regular business of the insurance claims adjustor. Although at this point a conflict is identifiable, AIG Aviation appears not to have rejected the claim, but was in negotiations to settle the claim. AIG Aviation presents nothing further to the Court to support its claim that the parties anticipated litigation when the majority of the documents were prepared. *See e.g. Calabro v. Stone*, 225 F.R.D. 96 (E.D,N.Y. 2004) ("Thus, the party resisting discovery must 'demonstrate by specific and competent evidence that the documents were created in anticipation of litigation.' Whether the document was created 'because of' impending litigation depends on 'whether the moving party can point to a definite shift made by the insurer or adjuster from acting in its ordinary course of business to acting in anticipation of litigation.') *citations omitted*; *Harpver v. Auto-Owners Ins. Co.*, 138 F.R.D. 655 (S.D. Ind. 1991) ("Because insurance companies investigate claims as part of their

regular business, but with an eye to litigation at the same time, the court saw the work product rule as creating a dilemma for the courts: protect all insurance company investigatory reports, thus unduly increasing the costs of litigation, or open all claims files for inspection, thus inhibiting the candor and reliability of investigator/adjustor evaluations and allowing plaintiffs to acquire the litigation strategy of the insurance company. The court found the solution to this dilemma in the process of claims evaluation: At some point, however, an insurance company's activity shifts from mere claims evaluation to a strong anticipation of litigation. This is the point where the probability of litigating the claim is substantial and imminent. The point is not fixed, it varies depending on the nature of the claim, and the type of investigation conducted. The decision whether insurance company investigatory documents were 'prepared in anticipation of litigation' turns, therefore, on the facts of each case.").

## III.  REMAINING DOCUMENTS

<u>Documents Number Two and Three</u>

Documents number two and three deal with loss reserves. Plaintiff withdraws Plaintiff's request for the production of this document. The Court finds that the motion is granted with respect to documents number two and three.

<u>Documents number 41 and 43</u>

AIG Aviation has agreed to produce these documents to Plaintiff.

<u>Document Number One</u>

This document is the report prepared by Patrick Montgomery which was previously produced by Bizjet to Falconcrest. However, this report contains the handwritten notations of Robert McNabb. The report is dated August 8, 2002. This lawsuit was filed

approximately one year later on August 26, 2003. AIG Aviation asserts that the document is work product. AIG Aviation notes that settlement discussions took place after the date of this letter.

The Court finds the document is not protected by work product. AIG Aviation has not established that at the time the handwritten notes by McNabb were made the parties anticipated litigation. The Court finds that the motion is denied with respect to this document.

Document Numbers Twelve, Thirteen, Fifteen, Eighteen, and Twenty

AIG Aviation represents that these documents are all part of the same email exchange. The documents are dated August 29, 2003 and August 30, 2003. The documents are addressed to an attorney and the Court concludes that they are protected by the attorney client privilege. AIG Aviation's motion for a protective order with respect to these documents is granted.

Document Number 21

AIG Aviation asserts both the attorney client and work product doctrine protect this document. The Court concludes that AIG Aviation has not established the applicability of the work product doctrine.[6/] AIG Aviation additionally claims that the attorney client privilege applies. However nothing indicates that this communication involved an attorney. The Court concludes that the document should be produced. AIG Aviation may redact the portions addressing insurance reserves to the extent that such information is not relevant.

---

[6/] The Court notes that this document was not provided for an *in camera* review and the Court's basis for denial therefore is based upon the privilege log and the information provided by the parties.

-- 7 --

<u>Document Numbers 27, 28, 29, 30, 31, 32, 34, 39, 42, 44</u>

The Court concludes that AIG Aviation has not established that the work product privilege applies. AIG Aviation does not assert the attorney client privilege with respect to these documents. With regard to document number 42, AIG Aviation may redact that portion that refers to reserves as not relevant.

<u>Document number 45</u>

The email correspondence is dated January 14, 2005 and discusses settlement of the claims between the parties. The lawsuit between the parties was filed August 2003. The Court concludes the document is protected by the attorney client privilege (the portion directed to attorney Chubbock), and the work product doctrine.

IT IS SO ORDERED.

Dated this 23rd day of June 2005.

Sam A. Joyner
United States Magistrate Judge